JOSEPH ROSENBERG

*v.*

REBECCA SILVERMAN et al.

[Decided June 1st, 1921.]

Where a grandmother was a tenant in common with her minor grandchildren of real property, and the grandmother, and the grandfather, as guardian of the grandchildren, contracted to sell the property, but the court of chancery refused to permit the sale of the grandchildren's interest, the contract would not be specifically enforced as to the grandmother's interest, in view of a provision in the contract for sale that "should the court of chancery refuse to permit the sale of the infants' interest * * * then the party of the first part are to return the deposit."

On bill, &c.

*Messrs. Kessler & Kessler*, for the complainant.

*Mr. Philip J. Schotland,* for the defendants.

BACKES, V. C.

This bill is for the specific performance of a contract. Mrs. Silverman and her daughter Mrs. Abelson were owners, as tenants in common, of the house and lot involved in this suit. Mrs. Abelson died leaving three minor children. On November 20th, 1918, Mrs. Silverman and Philip, her husband, and Philip Silverman, as guardian of the three children, entered into an agreement, in writing, with the complainant to sell to him the property for $5,900. The guardian had no power, in virtue of his office, to bind his wards, and for authority he applied to and obtained from this court permission to sell to the complainant, or any other person, their moiety for not less than $5,500. (The stating of the price was clearly an inadvertence.) On the hear-

ing the bill was dismissed because the guardian's power was limited by the chancellor's grant, and subject to his confirmation, which, under the circumstances, would not be given,·but I intimated that, perhaps, one might be maintained against Mrs. Silverman for her half interest, and upon motion the complainant was granted leave to amend the bill, calling upon her to perform: Upon further consideration, I am of the opinion that the amended bill cannot be maintained. The agreement of Mrs. Silverman, and Philip, the guardian, was that they would convey the property as a whole, not each their portion, and, as the agreement states, "should court of chancery refuse to permit sale of the infants' interest in the property, or should the title be not perfected before February 1st, 1919, then party of the first part are to return the deposit to party of the second part, together with search fees."

Mrs. Silverman was not to convey unless her grandchildren were also to convey. The contracts of Mrs. Silverman and the guardian were not independent, but interdependent, and the understanding clearly was that if the contingency above quoted came to pass, the contract was to be absolutely at an end. And the reason for this provision is quite natural in the circumstances. The grandparents were as solicitous of the interest of their grandchildren in the property as they were of their own, if not more so, and the better way of protecting the infants' share was to retain the property as a whole or to sell it as a whole. To require Mrs. Silverman to sell her share would deprive the infants of this safeguard and subject their undivided half to the accidental price of a partition sale. To foreclose that possibility they inserted in the contract the provision above quoted.

The terms of the payment also bear out the view that the property as a whole was to be conveyed, and upon failure of title the contract was to be at an end. The doctrine of *Keator* v. *Brown, 57 N. J. Eq. 600,* cited by the complainant, is inapplicable.

The amended bill will be dismissed.